{¶ 21} The court did not err by denying the motion to suppress. As noted by the majority, State v. Evans (1993), 67 Ohio St.3d 405, 413, makes a frisk virtually automatic when the police detain individuals who are suspected of trafficking in drugs. The reason for that holding is manifest: police officers engaged in making drug arrests are sometimes working in high crime areas and are confronting individuals who may be erratic because they are under the influence of the drugs that they may be suspected of selling. Moreover, because drug trafficking is a cash business, drug dealers usually carry some form of weapon for their own protection from those who would steal either money or drugs. While Terry requires that the police have an articulable suspicion that an individual may be armed, it does not require the police to throw aside all concerns for personal safety in approaching suspected drug dealers in high crime areas. Hence, the officers' testimony that they made it their procedure to frisk detainees in street corner drug sale incidents clearly articulated their understanding that every such brief detention contains an element of danger.
{¶ 22} Of course, the officers gave the court much more in this case, testifying that the detention occurred in a high crime area and at night. To require the police to make a more specific showing in this case would in essence require them to say that they actually saw a weapon on Jones. Drug dealers are not generally so foolish as to brandish their weapons while soliciting drug sales. Under the circumstances, I cannot say that the court erred by finding the officers had a valid belief that Jones might have been armed.
{¶ 23} Finally, I disagree with the majority's conclusion that the officers could not confiscate the pill bottle based on the plain feel exception. There is no question that the officers were justified in stopping Jones for further investigation in light of facts which undeniably suggested that he had been trying to solicit a drug transaction. Once the officers felt the presence of a pill bottle or film cannister on Jones, they were justified in putting two and two together to conclude that the pill bottle contained the drugs that they had witnessed Jones trying to sell. For these reasons, I respectfully dissent.